JAMES ANDERSON *v.* JOHN H. BROAD and others.

Where an agent, with whom a promissory note is entrusted for negotiation employs a person to sell it, and the principal, after a sale has been effected by such person, receives the proceeds; representations, made by the sub-agent at the time of the sale, respecting the character of the note, may be given in evidence as a part of the *res gestœ.*

Whether the declarations of a sub-agent, under such circumstances, have the effect of an *estoppel*, in the same manner as if made by the principal? *Quere.*

THE plaintiff was the second endorsee of a promissory note, made by two of the defendants to the order of the third, by whom it was endorsed to one Swords. The defence was, that the note was made and originally endorsed for the accommodation of the immediate parties thereto, for the purpose of raising money, and that it was discounted by Swords at a usurious rate.

The note was delivered by the makers and the payee to one Inglee, a broker, to be negotiated. Inglee employed Devoe, who was also a broker, to effect a sale, and the latter, accordingly, sold it to Swords at a discount of three per cent. per month. The defendants received the proceeds.

The plaintiff recovered judgment for $432 17. The defendants appealed upon a question of the admissibility of

evidence, offered for the object and under the circumstances detailed in the opinion.

*John H. Hand* and *Richard B. Kimball*, for the defendants, made and argued the following points:

I. The objection to the testimony of the witness, Swords, was well taken. 1. Because the effect of that testimony, containing the statements of Devoe, is to work an *estoppel in pais*, and prevent the defendants from relying upon the truth, which never can be tolerated, without express authority to make the statements, or privity between the parties, neither of which exists in this case. (*The Welland Canal Company* v. *Hathaway*, 8 Wend. 480.)

II. Devoe was an entire stranger to the defendants, and they never made any such statements to any one. (*Jackson* v. *Brinkerhoff*, 3 Johns. Cas. 101.)

III. Before any party can be concluded by an *estoppel in pais*, it must appear that he has made some statement or admission which is clearly inconsistent with the evidence he proposes to give. (*Degell* v. *Odell*, 3 Hill, 215; *Watson's Executors* v. *M'Laren*, 19 Wend. 557; *Lansing* v. *Montgomery*, 2 Johns. R. 382; *Berlin* v. *Norwich*, 10 Ib. 229.)

*James R. Whiting*, for the plaintiff, made and argued the following points:

I. Evidence of Devoe's statement at the time of the sale of the note, was admissible to charge the defendants. 1st. The principal is bound by the representations and acts of his agent, acting within the scope of his authority. (Story on Agency, § 73, note 1; Ib. from § 127, *et seq.*) 2d. Conceding that an agent cannot ordinarily delegate his authority so as to bind his principal by the acts and representations of the sub-agent, yet the true doctrine to be deduced from the decisions is, (and it is entirely coincident with the dictates of natural justice,) that when the act requires the judgment of

the agent in the particular transaction, the authority is exclusively personal; but where, from the express nature of the transaction, it is fair to presume that the particular transaction, either from its nature or from the usage of trade, is ordinarily done under the supervision of sub-agents, a broader power is intended to be conferred on the agents. (Story on Agency, § 14, and cases cited in note.) In this instance, an unrestricted power of sale was given to a broker, from which might be fairly presumed an authority to sell through the instrumentality of a sub-agent or of another broker. 3d. But the defendants, as principals, by adopting the acts of the sub-agent, clothe those acts with all the accompaniments of an original authority. (Story on Agency, §§ 164 and 389, and notes and cases in illustration.) The defendants ratified the contract of sale made by the sub-agent, and received the avails of that sale. They adopted the sale made by him, and called him to testify to the fact. Inasmuch, therefore, as they adopt his act, they cannot get rid of the accompanying responsibilities and incidents. Devoe stands no longer a sub-agent, but clothed with an original authority, and they are bound by his representations, made in the course of that particular transaction. They admit his agency in making the sale, so far as is desirable to prove usury, but they seek to repudiate it, in order to shut out representations made by him in the course of that sale.

II. The court properly refused to strike out the testimony of George H. Swords.

By the Court. Ingraham, First J.—Upon the trial, Devoe was examined as a witness, and he testified to the conversations between him and Swords at the time of sale, on a cross-examination by the plaintiff. The plaintiff then called Swords as a witness, and examined him as to the representations made by Devoe to him, at the time of selling the note, to which the defendant objected. The object of this examination was to show, from the declarations of Devoe, that he represented the note to be a business note.

Anderson *v.* Broad.

Had these representations been made by Inglee, there could be no doubt that they would be properly admitted. He was the agent of the defendants. to sell the, note. He had authority to make the best of it. He was told by Morgan, the payee, that it was a good note, and if he had sold it to the plaintiff, and made such representations, they would have bound the defendants, as made within the scope of the authority which the agent possessed in making the sale. The only difficulty arises from the fact, that Devoe, who made the representations, was not the immediate agent of the defendants, but was employed by Inglee.

Ordinarily, an agent, unless so authorized, cannot delegate his authority; but where it appears that the agency does not, in the performance of it, require any exercise of judgment or discretion on the part of the agent, but may be discharged by the employees of the agent as well as by himself, the strictness of the rule may be relaxed. And where the sub-agent has followed the instructions given by the principal to the agent, the principal should not be allowed to deny the agency, after adopting the same by the receipt of the proceeds.

I think, also, the evidence was admissible, as part of the transaction attending the sale of the note. The defendant had proved, by Devoe, the sale of the note to Swords, and the amount for which it was sold. The plaintiff had a right to call out the whole of the conversation at the time the sale was effected. This formed a part of it, and preceded the portion which Devoe had previously testified to.

If it was not proper to use it as testimony in making out an estoppel, still the evidence should have been received, and the effect of it limited by a proper instruction to the jury. Although there may be some doubt as to the effect that should be given to representations made by a sub-agent, still I think they should not have been excluded in this case, after the defendants had proven a part of the conversation at which they were made.

Judgment affirmed.